UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 108.83.10.239,<br><br>          Defendants. | Case No.: 21-cv-0887-WQH(BLM)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[ECF No. 4]** |

Currently before the Court is Plaintiff's May 19, 2021 "*Ex Parte* Application for Leave to Serve a Third-Party Subpoena prior to a Rule 26(f) Conference". ECF No. 4. Because the Defendant has not been identified, no opposition or reply briefs have been filed. Having reviewed Plaintiff's motion and all supporting documents, the Court **GRANTS** the motion for the reasons set forth below.

## **BACKGROUND**

On May 7, 2021, Plaintiff filed a complaint against John Doe alleging direct copyright infringement. ECF No. 1 at 7. Plaintiff states that it "is the owner of award-winning, critically acclaimed adult motion pictures." Id. at 1. Plaintiff alleges that Defendant, who is only known "by his or her IP address […] 108.83.10.239" is using the BitTorrent protocol to "commit[] rampant and wholesale copyright infringement by downloading [Plaintiff's] motion pictures as

well as distributing them to others." Id. at 2-3. Plaintiff describes the BitTorrent File Distribution Network ("BitTorrent") as "a system designed to quickly distribute large files over the internet." Id. at 4. Plaintiff states that BitTorrent allows users "to connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users" "without creating a heavy load on any indvidual source computer and/or network." Id. Plaintiff further explains the process of distributing a large file through BitTorrent and notes that "[t]o share a movie within the BitTorrent network, a user first uses BitTorrent software to create a .torrent file from the original digital media file" which "breaks the original digital media file down into numerous pieces."[1] Id. This allows the BitTorrent user to "download[] all of the pieces of that digial media file from other BitTorrent users [so that] the digital media file is automatically reassembled into its original form, ready for playing." Id. at 5.

On May 19, 2021, Plaintiff filed the instant motion seeking an order from the Court allowing it to serve a subpoena to Defendant's Internet Service Provide ("ISP"), AT&T U-verse, seeking Defendant's true name and address pursuant to Federal Rule of Civil Procedure 45. ECF No. 4-1 at 7-8.

## **LEGAL STANDARD**

**A.    The Cable Privacy Act**

The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). However, a cable operator may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. §551(c)(2)(B). A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise

---

[1] Each piece is assigned a unique cryptographic hash value, which is used to properly route the pieces among BitTorrent users. ECF No. 1 at 4-5. "As such, while two identical sets of data will produce the same cryptographic hash value, any change to the underlying data – no matter how small – will change the cryptographic hash value that correlates to it." Id. at 5.

controls or is responsible for, through any arrangement, the management and operation of such a cable system". 47 U.S.C. § 522(5). Accordingly, Plaintiff seeks an Order instructing AT&T U-verse to produce documents and information sufficient to identify the user of the specified Internet Protocol ("IP") address. ECF No. 4-1 at 7-8.

**B.      Early Discovery**

A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery. Fed. R. Civ. P. 26(d)(1). "In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." Synopsys, Inc. v. AzureEngine Technologies, Inc, 401 F.Supp.3d 1068, 1076 (S.D. Cal. 2019) (quoting Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F.Supp.2d 1086 (N.D. Cal. 2012) (internal quotation marks omitted); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 274 (N.D. Cal. 2002) (adopting the conventional standard of "good cause" in evaluating a request for expedited discovery). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, 208 F.R.D. at 276. Good cause for expedited discovery has been found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. Id. In infringement cases, expedited discovery is frequently limited to allowing plaintiffs to identify Doe defendants. See Strike 3 Holdings, LLC v. Doe, No. 21cv0590-GPC-LL, 2021 WL 1853594, at *4 (S.D. Cal. May 7, 2021) (granting leave to take expedited discovery for documents that would reveal the identity and contact information for each Doe defendant).

District courts in the Ninth Circuit apply a three-factor test when considering motions for expedited discovery to identify certain defendants. Id. at *2 (citing Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999)). First, the plaintiff should "identify the missing party with sufficient specificity such that the court can determine that the defendant is a real person or entity who could be sued in federal court." Columbia Ins. Co., 185 F.R.D. at 578. Second, the plaintiff must describe "all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant. Id.

at 579. Third, plaintiff should establish that its lawsuit could withstand a motion to dimiss. Id.

## DISCUSSION

**A.  Identification of Doe Defendant with Sufficient Specificity**

First, Plaintiff must identify the Doe defendant with sufficient specificity to enable the Court to determine that the Doe defendant is a real person subject to the Court's jurisdiction. See id. at 578. "Some district courts in the Ninth Circuit have determined that a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91, No. 12cv00186-MMA(RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012); see e.g., OpenMind Sols., Inc. v. Does 1-39, No. C 11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) (finding plaintiff met its burden to identify the Doe defendants with sufficient specificity by identifying the unique IP addresses of individuals engaged in BitTorrent protocol and using geolocation technology to trace the IP addresses to a point of origin within the state of California); Pink Lotus Entm't, LLC v. Does 1-46, No. C-11-02263 HRL, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011) (same). "Others have found that merely identifying the IP addresses assigned to the defendants on the day of the purported infringement is sufficient to satisfy the first factor." 808 Holdings, LLC, 2012 WL 12884688, at *4; see e.g., First Time Videos, LLC v. Does, No. C 11-01675 LB, 2011 WL 1431619, at *2 (N.D. Cal. Apr. 14, 2011) ("First, First Time Videos has identified the Doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them on the day it alleges the particular defendant engaged in the infringing conduct."). This Court finds the first standard persuasive.

Plaintiff has provided a declaration from Plaintiff's Chief Technology Officer, David Williamson, who "oversaw the design, development, and overall creation of the infringement detection system called VXN Scan ("VXN") which [Plaintiff] both owns and uses to identify the IP addresses used by individuals infringing Plaintiff's movies via the BitTorrent protocol." ECF

No. 4-2, Declaration of David Williamson ("Williamson Decl.") at 2, 6. Mr. Williamson explains that VXN connects with an IP intelligence and online fraud detection tool called Maxmind, which is used "to determine both the Internet Service Provider that assigned a particular IP address as well as the city and state the IP Address traces to." Id. at 12. Here, after Plaintiff "received infringement data from VXN Scan identifying IP address 108.83.10.239 as infringing its works, the IP address was automatically inputted into Maxmind's Geolocation Database" and it "determined that the IP address traced to a location in Encinitas, California, which is within this Court's jurisdiction." ECF No. 4-2, Declaration of Emilie Kennedy ("Kennedy Decl.") at 1. The Maxmind database also revealed that IP address 108.83.10.239 belonged to AT&T U-verse. Id. at Exh. 1; see also ECF No. 4-2, Declaration of Susan B. Stalzer ("Stalzer Decl.") at 2 ("I used American Registry of Internet Numbers ("ARIN") to confirm that the ISP AT&T U-verse did own Defendant's IP address at the time of the infringements.").

Because Plaintiff has provided the Court with the unique IP address, the dates and times of connection, the name of the ISP that provided Internet access for the user of the identified IP address, and used geolocation technology, the Court finds that Plaintiff has made a satisfactory showing that John Doe is a real person behind the alleged infringing conduct who would be subject to suit in federal court and is located in this District.

**B.      Previous Attempts to Locate Defendant**

Second, Plaintiff must describe all prior attempts it has made to identify the Doe defendant in a good faith effort to locate and serve them. See Columbia Ins. Co., 185 F.R.D. at 579. Plaintiff first sought "to correlate Defendant's IP address on various web search tools, including basic search engines like www.google.com." ECF No. 4-1 at 8. Plaintiff also has conducted its own independent research and consulted with computer investigators and cyber security consultants. Id.; ECF No. 4.2. Plaintiff provided a declaration from Mr. Patrick Paige, a former detective in the computer crimes unit of the Palm Beach County Sheriff's Department and a Managing Member at Computer Forensics, LLC., who opined that "Defendant's ISP AT&T U-verse is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 108.83.10.239 during the time of the alleged

infringement." ECF No. 4-2, Declaration of Patrick Paige ("Paige Decl.") at 5. Accordingly, the Court finds that Plaintiff has made a good-faith effort to identify and locate Defendant before filing the instant application. See Strike 3 Holdings, LLC v. Doe, No. 20-cv-0068-BAS-JLB, 2020 WL 1029011, at *4 (S.D. Cal. Mar. 3, 2020).

**C.     Ability to Withstand a Motion to Dismiss**

Finally, Plaintiff must establish that its lawsuit can withstand a motion to dismiss. See Columbia Ins. Co., 185 F.R.D. at 579. To prove a claim of claim of copyright infringement, Plaintiff must show (1) ownership of a valid copyright and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act. Cobbler Nevada, LLC v. Gonzalez, 901 F.3d 1142, 1147 (2018) (citation and quotation marks omitted)).

Plaintiff provides evidence that it is the owner of the copyrighted works at issue. Stalzer at 1-2; Williamson Decl. at 2: Kennedy Decl. at Exh. 1. Plaintiff also provides evidence that the Doe Defendant using the identified IP address infringed Plaintiff's copyrighted works by using the BitTorrent File Distribution Network. Williamson Decl.; Paige Decl.; Stalzer Decl. Accordingly, Plaintiff has alleged facts that could establish the prima facie elements of direct copyright infringement and could withstand a motion to dismiss. See Columbia Ins. Co., 185 F.R.D. at 579-80.

## CONCLUSION

Having found good cause, the Court **GRANTS** Plaintiff's motion for expedited discovery. For the foregoing reasons, it is hereby ordered that:

1.     Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45, on AT&T U-verse that seeks only the true name and address of John Doe. Plaintiff may not subpoena additional information;

2.     Plaintiff may only use the disclosed information for the sole purpose of protecting its right in pursuing this litigation;

3.     Within fourteen (14) calendar days after service of the subpoena, AT&T U-verse shall notify the subscriber that its identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such

notice to challenge the disclosure by filing an appropriate pleading with this Court contesting the subpoena;

4. If AT&T U-verse wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other customer challenge is brought AT&T U-verse shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge; and

5. Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to AT&T U-verse. AT&T U-verse, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

**IT IS SO ORDERED**.

Dated: 6/17/2021

Hon. Barbara L. Major
United States Magistrate Judge